IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-00031-MSK-BNB

RITA NOVEY,

    Plaintiff,

v.

HEARTLAND HOME FINANCE, INC.,

    Defendant.

## ORDER DENYING MOTION TO DISMISS

THIS MATTER comes before the Court on the Defendant's motion **(#27)** to dismiss the Plaintiff's first claim for relief in her Second Amended Complaint for lack of subject matter jurisdiction. The Plaintiff responded **(#31)**, and the Defendant replied **(#32)**. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

For purposes of determining the pending motion, the Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

### II. Background

The Plaintiff, Rita Novey, commenced this action against her former employer, Heartland Home Finance, Inc. ("Heartland"). In her Second Amended Complaint **(#24)**, Ms. Novey alleges that she was treated less favorably than younger employees. She also alleges that one of her supervisors directed her to engage in unlawful conduct but she refused to comply and then

reported the incident to a Human Resources Representative.  Her employment was terminated on January 9, 2004; the reason allegedly given for her termination was her "negative attitude."

Ms. Novey asserts four claims for relief.  Claims 1 and 2 allege wrongful discharge in violation of public policy.  Claim 1 is premised upon alleged age discrimination, retaliation and a hostile work environment in violation of § 24-34-402, *et seq*.  In contrast, Claim 2 is premised upon Colorado public policy which protects an employee's refusal to commit illegal acts.  Claim 3 alleges outrageous conduct. Claim 4 alleges age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*

Pursuant to Fed. R. Civ. P. 12(b)(1), Heartland moves to dismiss Claim 1.  Ms. Novey opposes the motion.

### III.  Issue Presented

The issue presented is whether the Court should dismiss Claim 1 for lack of subject matter jurisdiction.

### IV.  Standard of Review

Pursuant to Fed. R. Civ. P. 12(b)(1), a party may move to dismiss claims over which the Court lacks subject matter jurisdiction.  Rule 12(b)(1) motions generally take one of two forms. *See Stuart v. Colorado Interstate Gas Co.,* 271 F.3d 1221, 1225 (10th Cir. 2001).  The moving party may either facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests.  *See Maestas v. Lujan,* 351 F.3d 1001, 1013 (10th Cir. 2003).  Here, Heartland has presented evidence in support of its motion.

2

## V. Analysis

Heartland argues that Claim 1 must be dismissed pursuant to § 24-34-306(2)(b)(I), C.R.S., because the conditions precedent to asserting a claim under the Colorado Anti-Discrimination Act ("the CADA") have not been met. It specifically contends that such claim was not asserted within 90 days after the Colorado Division of Civil Rights sent a notice of right to sue to Ms. Novey. It attaches, as an exhibit, the letter mailed to Ms. Novey by the Colorado Division of Civil Rights on September 29, 2005, for purposes of demonstrating that Claim 1 is not timely asserted.

Ms. Novey responds that the 90-day limitation period set forth in § 24-34-306(2)(b)(I), C.R.S. does not apply to Claim 1. She contends that Claim 1 is a common law tort claim premised upon the policy set forth in the CADA, but not premised upon the CADA itself. She does not contest the authenticity of the letter submitted with Heartland's motion.

At this juncture, it is not necessary to resolve whether Claim 1 arises under the CADA, or whether it is a common law tort claim. Heartland's motion is premised solely upon Fed. R. Civ. P. 12(b)(1) and § 24-34-306(2)(b)(I), C.R.S. This statute provides, in relevant part:

> (I) **If the director determines that probable cause does not exist**, he shall dismiss the charge and shall notify the person filing the charge and the respondent of such dismissal. In addition, in such notice the director shall advise both parties:
>
>> (A) That the charging party has the right to file an appeal of such dismissal with the commission within ten days of the date of mailing of the notification of such dismissal;
>>
>> (B) That if the charging party wishes to file a civil action in a district court in this state, which action is based on the alleged discriminatory or unfair

>practice that was the subject of the charge he filed with the commission, he must do so: Within ninety days of the date of mailing of the notice specified in this subparagraph (I) if he does not file an appeal with the commission pursuant to sub-subparagraph (A) of this subparagraph (I); or within ninety days of the date of mailing of notice that the commission has dismissed the appeal specified in sub- subparagraph (A) of this subparagraph (I)[.] (Emphasis added).

Here, Ms. Novey alleges that the director determined that probable cause **did** exist. Thus, even if Claim 1 were to be construed as a claim under the CADA, rather than as a common law claim, the statute relied upon by Heartland in its motion has no application. In its motion to dismiss, Heartland has articulated no other basis for dismissing Claim 1.

**IT IS THEREFORE ORDERED** that Heartland's motion **(#27)** to dismiss Claim 1 is **DENIED**.

Dated this 7th day of February, 2007

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
United States District Judge