IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-00031-MSK-BNB

RITA NOVEY,

        Plaintiff,

v.

HEARTLAND HOME FINANCE, INC.,

        Defendant.

**ORDER GRANTING, IN PART, AND DENYING, IN PART, MOTIONS *IN LIMINE***

THIS MATTER comes before the Court on two motions *in limine* filed by the Defendant: one to exclude evidence of John Nielsen-Mayer's salary information **(#65)**, and the other to exclude evidence of the Colorado Civil Rights Division's ("CCRD") determination of probable cause and the Defendant's statement submitted to the CCRD **(#66)**. The Plaintiff opposes **(#70, #71)** both motions. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

The Defendant seeks an order excluding evidence of compensation paid by the Defendant to John Nielsen-Mayer, who worked as the Plaintiff's supervisor, as irrelevant and unfairly prejudicial. It also asks the Court to exclude, in exercise of its discretion, evidence of the CCRD's determination that the Defendant probably discriminated against the Plaintiff because of her age, on the basis that such evidence is untrustworthy and should be excluded under Fed. R. Evid. 403. Finally, it seeks to exclude evidence of statements it made to the CCRD on the basis that such statements were required in the conciliation process and thus excludable under Fed. R.

Evid. 408.

The Plaintiff responds that Mr. Nielsen-Mayer's compensation is relevant and admissible, because it shows Mr. Nielsen-Mayer's motive, intent and bias. She further states that the CCRD's probable cause determination is admissible, in the Court's discretion, and the Court can give an instruction to the jury that it must reach its own conclusions as to the facts. She also contends that the Defendant's statement to the CCRD does not fall within Fed. R. Evid. 408, because at the time it was made, there were no ongoing settlement or conciliation efforts.

Pursuant to *Guides, Ltd. v. Yarmouth Group Property Management, Inc.,* 295 F.3d 1065, 1075 (10th Cir. 2002), the Court excludes evidence of the CCRD's probable cause determination for purposes of establishing discrimination. Should the evidence be proffered for another purpose, such proffer will be made outside the presence of the jury and no reference shall be made to the evidence unless the Court determines that it is admissible for another purpose.

The Court also excludes evidence of Mr. Nielsen-Mayer's compensation as irrelevant based upon the proffer made. Such evidence can be proffered again at the time of trial outside the presence of the jury, but no reference may be made to it before the jury prior to a determination of its admissibility.

As for the Defendant's statement to the CCRD, the Defendant argues for its exclusion solely under Fed. R. Evid. 408. The Plaintiff argues that such statement was not made during the course of settlement discussions. There is an insufficient showing that Rule 408 is applicable, therefore the objection is overruled. However, because there may be other grounds for excluding such evidence, neither party shall refer to the Defendant's statement to the CCRD in the presence of the jury unless a proffer is made and the Court determines that it is admissible.

**IT IS THEREFORE ORDERED** that the Defendant's motions *in limine* **(#65, #66)** are **GRANTED, in part**, and **DENIED, in part,** to the extent set forth in this Order.

Dated this 26th day of July, 2007

        **BY THE COURT:**

        */s/ Marcia S. Krieger*
        _____
        Marcia S. Krieger
        United States District Judge